NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| BRENDA PRUITT, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 02-4571 (AET) |
| | : | |
| v. | : | **MEMORANDUM & ORDER** |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

THOMPSON, U.S.D.J.

      This matter comes before the Court on Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b).  The Court has decided this motion after considering the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78.  For the reasons stated below, the motion is granted.

      Counsel for Plaintiff moves this Court to approve an award of attorney's fees in the amount of $8,500, which shall be withheld from Plaintiff's past-due benefits.  42 U.S.C. § 406(b)(1)(A).  The Commissioner does not object to this amount.  Counsel for Plaintiff notes that he has received $5,887, awarded to the Plaintiff under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and asks this Court to order payment of the "net" fee due to him of $2,613.  The Commissioner objects to this "net" payment, and instead moves this Court to order payment of the full $8,500 offered for approval, whereupon Plaintiff's counsel would be obligated to remit to Plaintiff the $5,887 received under the EAJA.  See 28 U.S.C. § 2412 note (titled "Savings

Provisions"). The Commissioner argues that (1) this is the process required by the Savings Provisions, and (2) "netting" out EAJA awards would decrease the § 406(b) award, and therefore limit the fee that the Commissioner may assess on such awards pursuant to 42 U.S.C. § 406(d)(1) (permitting the Commissioner to assess a fee of 6.3% or $75, whichever is lower, on the amount of the attorney fee certified by the Commissioner).

The plain language of the statute does not require this Court to follow the Commissioner's interpretation. See 42 U.S.C. § 460(b)(1)(A); accord Frazer v. Apfel, 240 F.3d 1284, 1286-87 (10th Cir. 2001) (stating that "the district court can include language in its order regarding how the two awards . . . are to be divided"). The only authority offered by the Commissioner is the Savings Provisions, discussed in Gisbrecht v. Barnhart, 535 U.S. 789,796 (2002), which provides that attorneys are barred from receiving double fee recoveries under both the EAJA and § 406(b) in social security cases. See 28 U.S.C. § 2412 note; Gisbrecht, 535 U.S. at 796. Neither the Savings Provisions nor Gisbrecht explains or limits the court's traditional discretion in fashioning a § 406(b) award. In addition, we fail to see any support for the Commissioner's position in legislative histories of the Savings Provisions and § 406(d). See, e.g., H. REP. NO. 99-120, at 20 (1985), reprinted in 1985 U.S.C.C.A.N. 132, 148; H.R. CONF. REP. NO. 106-478, at 121-22 (1999). Finally, we note that the "offset" method opposed by the Commissioner appears to be employed by other courts. See, e.g., Gallman v. Apfel, 2000 WL 1689762, *4 (E.D. Pa. Nov. 1, 2000) (ordering offset); Lombardo v. Sec'y, Health and Human Servs., 888 F. Supp. 209 (D. Mass. 1994) (same). But see Kopulos v. Barnhart, 318 F. Supp. 2d 657, 668-69 (N.D. Ill. 2004) (ordering payment of full § 406(b) attorney's fee and remittance of smaller fee).

For the foregoing reasons, and for good cause shown,

It is on this   28th   day of February 2006,

ORDERED that Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) in the amount of eight thousand, five hundred dollars ($8,500) is GRANTED; and it is further

ORDERED that Thomas H. Klein, Esq. shall be paid attorney fees in the amount of two thousand, six hundred and thirteen dollars ($2,613), to be withheld from Plaintiff's past-due benefits.

      /s/ Anne E. Thompson
    ANNE E. THOMPSON, U.S.D.J.